G. Martínez & Co., Plaintiffs and Appellants, *v.* Roig, Defendant and Appellee.

Appeal from the District Court of Humacao in an Action for Annulment of Record.

No. 1270.—Decided January 28, 1916.

Servitude of Right of Way — Dominant Tenement — Servient Tenement — Record in Registry—Third Person—Cancellation of Record.—By a public deed recorded in the registry a certain parcel of land known as "El Ejemplo" was segregated from a plantation called "Providencia" and sold subject to certain conditions, one of which was that the vendor bound himself to allow such roads over his plantation as the vendee might deem necessary, but without injury to its crops. Upon the death of the vendor a part of the plantation was allotted to one of his children and was recorded in the registry of property as a separate property under the name of "Vega del Recreo."

Subsequently the heir and the said vendee entered into a contract for a se-cured loan in which it was agreed to waive certain rights which each of them might have by virtue of the deed of sale of "El Ejemplo," the vendee re-serving the servitude of right of way only, and this was also recorded. The present owners of the property "Vega del Recreo," who purchased the same from the heir, now pray for the annulment of the record and its cancellation in the registry. *Held:*

1. That by the deed of sale of the property "El Ejemplo" the contracting parties intended to, and did, create a servitude of right of way in favor of the said property and against the plantation "Providencia," the former being the dominant and the latter the servient tenement and the said servitude being necessary because "El Ejemplo" was bounded on all sides by the plantation "Providencia."

2. That by the other deed executed when the loan was contracted, not only did the servitude remain in force but was ratified with regard to the "Vega del Recreo" property; however, the servitude would always have affected the said property because it formed part of the plantation "Providencia."

3. That the said deed, as worded, involves no personal obligation or promise on the part of the purchaser to create a servitude of right of way, but imposes a real right of servitude on the property and this right is admissible to record under the provisions of subdivision 2 of article 2 of the Mortgage Law.

4. That the record of the servitude under consideration contains all the ele-ments necessary to a real right of servitude and is not included in the cases of invalidity referred to in article 30 of the Mortgage Law.

5. That the ancestor having imposed a servitude upon the whole property which upon his death descends to his heirs, one of whom recorded the part allotted to him in his own name, as such heir is not a third person but the continuer of the personality of his ancestor, the fact that he made such record does not prevent the owner of the dominant estate from recording the said servitude upon the part which the heir recorded in his own name.

6. That the plaintiffs in this action cannot plead the status of third persons as a ground for praying for the annulment of the record of the servitude on the "Vega del Recreo" property, of which they are the owners, for the regis-try of property, which is the guaranty for contracts involving real property, plainly shows the existence of the encumbrance of servitude of right of way on the "Providencia" plantation.

7. That the recorded right under consideration has not been extinguished and consequently its cancellation in the registry cannot be ordered under sub-division 2 of article 79 of the Mortgage Law, and section 1224 of the Civil Code is not applicable inasmuch as a personal right is not involved.

8. That if in the exercise of the right of servitude any conflict should arise between the interested parties, it can be adjusted by mutual agreement or by recourse to the proper court.

The facts are stated in the opinion.

*Messrs. J. López del Valle, Rafael López Landrón* and *Juan Gregory* for the appellant.

*Mr. Francisco González* for the appellee.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao dismissing an action for the annulment of a record of servitude and for its cancellation in the registry.

The facts of the case which must serve as a basis for the decision of the appeal are as follows:

By public deed No. 227, executed before Notary Marcelino Estévanes Nanclaes in Humacao on November 15, 1896, Rodulfo Leoncio Pérez y Polanco, owner of the plantation "Providencia" situated in the municipal district of Humacao, segregated therefrom a parcel of twelve *cuerdas* of land together with the buildings, machinery and appurtenances thereon and sold the same to Antonio Roig Torrellas subject to certain conditions, among which is the one recited in clause 6 of the said instrument which reads as follows:

"Rodulfo Leoncio Pérez binds himself to allow such roads over his plantation 'Providencia' as Antonio Roig may deem necessary, without injury to its crops, and in turn the latter obligates himself to give the former preferential use, free of charge, of certain railways as soon as they are constructed on the property * * *."

The boundaries of the piece of land segregated from "Providencia" and known since that time as "El Ejemplo," according to the deed, are as follows:

"On the north by the brook called Mariana which separates it from other lands of the main property 'Providencia'; on the east by the country road of the Mariana ward which separates it from other lands of the said property 'Providencia'; on the south by the same road and by a ditch which separates it from the said 'Providencia'; and on the west by other lands of the said plantation 'Providencia.'"

The deed of bargain and sale was recorded on page 101 of volume 14 of Humacao as property No. 674, entry 1, and the servitude referred to in clause 6 was recorded on pages 81 and 103 of volumes 13 and 14 of Humacao as properties Nos. 633 and 674, entries Nos. 4 and 2, respectively. Prop-

erty No. 633 is the one known as "Providencia" and prop-
erty No. 674 is the parcel segregated therefrom and called
"El Ejemplo."

Rodulfo Leoncio Pérez Polanco having died, a part of
the plantation "Providencia," composed of 53.75 *cuerdas*,
was allotted to his daughter Julia Ana María Pérez y Sán-
chez and was recorded in the same registry of property as
a separate estate under the name of "Vega del Recreo," no
mention being made of the agreement in the deed of Novem-
ber 15, 1896.

By another public instrument executed before Notary An-
tonio de Aldrey in Humacao on August 21, 1902, Julia Ana
María Pérez y Sánchez and her husband, Emilio Cuadra y
Rosa, entered into an agreement with Antonio Roig Torrellas
for a loan of money secured by a lien on sugar cane, one of
the clauses of which reads as follows:

"7. As an essential and strict condition of this contract, Julia
Ana María Pérez y Sánchez, by leave and with the consent of her
husband, Emilio Cuadra, and Antonio Roig Torrellas absolutely re-
nounce all rights of whatever nature which might accrue to each of
them by virtue of deed No. 227 executed before Notary Marcelino
Estévanes in this city on November 15, 1896, by which Rodulfo Leon-
cio Pérez y Polanco, father of Julia, conveyed to Roig that part of
the plantation 'Providencia' now known as 'El Ejemplo,' reserving
to said Roig only the right of way which he has over the property
of the said Julia with relation to the central 'El Ejemplo' owned by
him, and both agree not to make at any time any claim for the same."

Antonio Roig Torrellas having made a written applica-
tion on November 26, 1910, to the Registrar of Property of
Humacao for admission to record in accordance with the
stipulations contained in clause 7 of the agreement of August
21, 1902, which he exhibited therewith, of the servitude of
right of way over the property "Vega del Recreo" owned
by Julia Ana María Pérez y Sánchez which Rodulfo Leoncio
Pérez had placed upon the property "Providencia" in favor
of the central "El Ejemplo" belonging to Antonio Roig, the

registrar inserted on the margin of the entry of presentation of the said application the following note:

"Admission to record of the ratification of the servitude applied for in the documents referred to in this entry is denied in conformity with the decision of June 27, 1864, because no mention of the servitude is made in the record of the 'Vega del Recreo' property and the consent of the owner to its creation does not appear. Clause 7 of the agreement presented is an essential condition of a contract whose purpose was not the express acknowledgment of any servitude upon the said property. A cautionary notice is entered, etc."

Later, by a petition dated May 5, 1911, Antonio Roig Torrellas presented to the same registrar the deed of November 15, 1896, and requested admission to record of the servitude of right of way created by its owner in favor of "El Ejemplo" belonging to Roig upon the property known as "Vega del Recreo" which was segregated from the plantation "Providencia," and on the margin of the entry of presentation of the petition and documents referred to the registrar noted the following decision:

"The record applied for in the documents mentioned in this entry is denied because it appears that the 'Vega del Recreo' property was recorded in favor of Julia Ana María Pérez Sánchez free of the servitude to which said documents refer under a later title than that constituting the same. Art. 17 of the Mortgage Law. A cautionary notice is entered, etc."

Antonio Roig Torrellas appealed from that decision and this court reversed the same on October 11, 1911, ordering the record to be made.

The record of the servitude having been again denied by the registrar on the ground that the "Vega del Recreo" property was recorded in the registry in the name of G. Martínez & Company free of the said charge, another appeal was taken by Antonio Roig Torrellas from the said decision and on January 25, 1912, this court reversed the same and ordered the registrar to record the servitude upon the "Vega del Recreo" property, which he did.

That record is what gave rise to the present action brought by G. Martínez & Company against Antonio Roig Torrellas, in which, as the present owners of the "Vega del Recreo," they pray for a decree annulling the said record and ordering its cancellation in the registry, with the costs, expenses, disbursements and attorney fees in case the action should be contested.

The defendant opposed the claim of the plaintiffs and the case having been tried, the court rendered judgment on July 1, 1914, dismissing the complaint with the costs against the plaintiffs. From that judgment G. Martínez & Company took the present appeal.

The appellant pleads the following grounds:

1. That the lower court erred in holding that by clause 6 of the deed of November 15, 1896, a servitude was created and that it was properly recorded in the registry in accordance with article 13 of the Mortgage Law.

2. Violation of article 30 of the Mortgage Law in relation to subdivision 2 of article 9 thereof.

3. Improper aplication of subdivision 2 of article 2 of the Mortgage Law in holding that the deed of November 15, 1896, is a deed creating a right of way when it on'y stipulated for a personal obligation to create such a servitude.

4. Violation of the supreme law of the contract entered into between the parties by the deed of November 15, 1896, in holding that the personal obligation to create a servitude for ten years was a perpetual and indefinite real encumbrance.

5. Violation of article 17 and subdivision 2 of article 79 of the Mortgage Law and section 1224 of the Civil Code.

In view of the close relation existing among the grounds of appeal we will consider them together.

As said by the trial court, there is no doubt that by the execution of deed No. 227 of November 15, 1896, a servitude of right of way was created in favor of "El Ejemplo" and against "Providencia," the former being the dominant and the latter the servient tenement. The language of clause 6

of the said deed is unmistakable and leaves no doubt of the intention of the contracting parties. "El Ejemplo," which by virtue of the said deed became a separate property, remained surrounded by the "Providencia" property as its boundaries show; therefore the said clause was necessary. Section 574 of the Civil Code.

The said servitude remained in force and was ratified with regard to the "Vega del Recreo" property, a part of the "Providencia" property which Julia Ana María Pérez y Sánchez inherited from her father, as is shown by the deed of August 21, 1902, in which Antonio Roig, while renouncing other rights granted to him by the deed of November 15, 1896, reserved the right of way which he had over the "Vega del Recreo" estate in favor of the central "El Ejemplo."

But even if in the agreement of August 21, 1902, Antonio Roig Torrellas had not reserved, with the consent of Julia Ana María Pérez y Sánchez, his right of way over her property known as "Vega del Recreo," that servitude would always have affected the said property because it formed a part of the plantation "Providencia" upon which Rodulfo Leoncio Pérez created the servitude in favor of the property "El Ejemplo" sold by him to Roig Torrellas.

Rodulfo Leoncio Pérez having by clause 6 of the deed of November 15, 1896, created a real right of servitude on his property "Providencia" in favor of the property called "El Ejemplo" which he sold to Antonio Roig Torrellas, and the "Vega del Recreo" property which Julia Ana María Pérez y Sánchez inherited from her deceased father, Leoncio Pérez, being a part of "Providencia," the "Vega del Recreo" property was necessarily affected by the real right of servitude in accordance with section 542 of the Civil Code which reads as follows:

"Servitudes are indivisible. When the servient tenement is divided among two or more persons the servitude is not modified and each of them shall be subject to the servitude in the part corresponding to him."

. It has not been proved or even alleged in this action that the "Vega del Recreo" property should be exempt from the servitude referred to in clause 6 of the deed of November 15, 1896. That there exists an encumbrance of servitude thereon is absolutely denied by the appellant and this is the legal question to be discussed.

According to the wording of the said clause, it involves no personal obligation or promise on the part of Rodulfo L. Pérez to create a servitude of right of way in favor of Antonio Roig Torrellas, but imposes a real right of servitude on the property "Providencia" in favor of the "El Ejemplo" property, which right is admissible to record under the provisions of subdivision 2 of article 2 of the Mortgage Law which enumerates among other instruments subject to record those creating servitudes.

Section 536 of the Civil Code defines "servitude" in the following terms:

"A servitude is a charge imposed upon an immovable for the benefit of another tenement belonging to a different owner.

"The immovable in favor of which the servitude is established is called the dominant tenement; the one subject thereto is called the servient tenement."

In commenting on the definition contained in article 530 of the Spanish Civil Code, Manresa reaches the following conclusion:

"Therefore, the essentials to servitudes as defined in article 530 are: *First*, the existence of two tenements belonging to different owners; *second*, something taken from one tenement and added to the other, or an encumbrance which while burdening one of the tenements and restricting the rights attached to it benefits the other, or, by reason thereof, its owner.

"As there are two real properties involved, it is indispensable to know what they are—it is indispensable that the properties be definitely described. In this manner the respective owners will know the material object upon which their rights or duties rest as well as the limit and extent of the same."

Clause 6 of the deed of November 15, 1896, contains all the elements essential to a real right of servitude. It includes descriptions of the dominant as well as of the servient tenement and specifies the nature of the right conferred. There is no legal defect which can render null and void the creation of the right of servitude acknowledged by Rodulfo Leoncio Pérez in favor of Antonio Roig Torrellas.

In contending that article 30 of the Mortgage Law has been violated, according to which "The records of the instruments mentioned in articles 2 and 5 shall be void if they do not set forth the circumstances mentioned in subdivisions 1, 2, 3, 4, 5, 6, and 8 of article 9 and subdivision 1 of article 13," the appellant has disregarded article 32 of the said law, which reads as follows:

"Art. 32.—The record shall be understood to lack some of the details mentioned in the subdivisions and articles cited in article 30, not only when it fails to mention all the requisites set forth in each of such articles or subdivisions, but also when they are expressed so inaccurately that a third person could thereby be led into error as to the object of the same and suffer loss in consequence thereof.

"When the inaccuracy is not material, in accordance with the provisions of the foregoing paragraph, or when the omission does not include all the details set forth in some of said subdivisions or articles, the record shall not be declared null and void unless it shall cause an error and loss."

In commenting on the similar article of the Spanish Mortgage Law, Galindo and Escosura express themselves as follows:

"If *all* the requisites which make up a circumstance or subdivision of those mentioned in article 30 (referring to article 9) should be lacking or should be expressed so inaccurately that a third person could thereby be led into error as to the object of the same and suffer loss in consequence thereof, the record shall be null and void; and if only *some* of the requisites comprised in the circumstance or subdivision should be omitted or inaccurately expressed, although it may be material, the record shall be declared null and void only when it

*causes* such error and loss to a third person." Commentaries on the Mortgage Law, Fourth Edition, Volume II, pp. 354–355.

On page 357 of the same volume these distinguished commentators add the following:

"Summarizing the provisions of article 32 in its relation to article 30, the record shall be void:

"1. When no mention is made therein of *all the requisites* enumerated in each of the circumstances or subdivisions referred to in article 30;

"2. When all of the requisites embraced in the circumstance or subdivision are expressed so inaccurately that a third person could thereby be led into error as to the object thereof and suffer consequent loss;

"3. When error and loss are caused, provided the inaccuracy of all the requisites is not material, or, being material, is limited to a single requisite;

"4. When the omission, although it may not be of all the requisites of the circumstance or subdivision, actually causes the error and loss."

The record of the servitude under consideration, made in accordance with clause 6 of the deed of November 15, 1896, which clause, as stated, contains all the elements necessary to a real right of servitude, is not included in the cases of invalidity referred to in article 30, for it does not appear that there has been any failure to mention therein all the requisites enumerated in each of the articles or subdivisions stated in the said article 30, or that they have been expressed so inaccurately as to lead a third person into error and consequent loss, or that there has been any omission actually producing error and loss. The record of the servitude was made not only on the page reserved for records of the dominant tenement, but also on the proper page for records of the servient tenement, as is required by article 13.

As regards the violation of article 17 of the Mortgage Law in recording the servitude on the "Vega del Recreo" property when the said property was recorded free of such

encumbrances in favor of Julia Ana María Pérez y Sánchez, the predecessor in interest of the plaintiff firm, we need only repeat what we said on October 11, 1911, in deciding the administrative appeal taken by Antonio Roig Torrellas from a decision of the Registrar of Property of Humacao (17 P. R. R. 918) refusing to record the servitude referred to in clause 6 of the deed of November 15, 1896, herein transcribed, on the property called "Vega del Recreo":

"From the registry made in favor of Julia Ana María Pérez y Sánchez it appears that her property 'Vega del Recreo' is one of the parcels into which the property 'Providencia' was divided and upon which Rodulfo Leoncio Pérez y Polanco constituted the encumbrance sought to be recorded, and also that she acquired her title as daughter and universal heir of Rodulfo Pérez; and as heirs are the legal representatives of their ancestors, with the same rights and obligations, and are continuers of their personalities, they have not the character of third parties according to the decisions of the Supreme Court of Spain of April 15 and June 6, 1899, and January 28, 1892, and the fact that she recorded her ownership under title of inheritance is no bar to the admission to record of a deed of conveyance or encumbrance executed by her ancestor of a date prior to the record of her ownership, although such deed is presented after the record in favor of the heir; because, if the ancestor could not oppose the inscription neither can his heirs do so, for they are his representatives and are under the same obligations as he was to consent to the record."

The appellant plaintiffs, G. Martínez & Company, cannot plead the status of third persons as a ground for praying for the annulment of the record of the servitude on the property "Vega del Recreo" of which they are the owners, for the registry of property, which is the guaranty for contracts involving real property, plainly shows the existence of the encumbrance of servitude of right of way on the "Providencia" property; and if the servitude on the said property so appeared of record, all parcels segregated therefrom, and necessarily "Vega del Recreo," were affected by the same encumbrance, and the fact that the registrar omitted to mention it in the record of the property "Vega del Recreo" is

no reason why the said encumbrance should thereby cease to exist.

When G. Martínez & Company purchased the "Vega del Recreo" property they had a right to examine not only the record of that property, but also that of the main property from which it was segregated, and if they failed to do so let them blame themselves for the consequence of their negligence.

The appellants maintain that the obligation contracted in clause 6 of the deed of November 15, 1896, to grant a right of way over the plantation "Providencia" to the "El Ejemplo" property was for a term of only ten years, or during the term of the grinding contract or partnership entered into by Rodulfo Leoncio Pérez and Antonio Roig Torrellas in the same deed.

We have examined carefully the conditions of the grinding contract in relation to the clause creating the servitude and are of the opinion that the contention of the appellant firm is without foundation.

The terms of clause 6 are general and have been construed in a general sense by Antonio Roig Torrellas and Julia Ana María Pérez y Sánchez in the later instrument of August 21, 1902, to which we have previously referred.

Therefore, the recorded right has not been extinguished and consequently its cancellation cannot be ordered under subdivision 2 of article 79 of the Mortgage Law; and as a real and not a personal right is involved, section 1224 of the Civil Code, which is alleged to have been violated, is not applicable.

If in the exercise of the right of servitude any conflict should arise between the interested parties it can be adjusted by mutual consent or by recourse to the proper court.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.